**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NEWWAVE HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Case No. 25-cv-13812<br><br>Judge Jeffrey I. Cummings<br><br>Magistrate Judge Keri L. Holleb Hotaling |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiff, NewWave Holdings, LLC ("Plaintiff"), submits this Memorandum in support of its Motion for Entry of Default and Default Judgment (the "Motion") in the above-captioned action under Fed. R. Civ. P. 55 against the Defendants identified on Schedule A attached to the Motion ("Defaulting Defendants").

Plaintiff specializes in the design, manufacture, sale, and distribution of high-quality toy products, primarily puzzle games, including the highly successful "THE UZZLE" first introduced in 2021, and the "STACK ROYALE" building game (marketed under the THE UZZLE brand) introduced in 2023 (collectively "Plaintiff's Products"), which Plaintiff manufactures, sells, and distributes under Plaintiff's federally registered THE UZZLE (Registration No. 6,794,372) and STACK ROYALE (Registration No. 7,467,246) trademarks (collectively hereinafter the "Plaintiff's Trademarks") and copyright protected marketing material (collectively "Copyrighted Material"). Dkt. 17 at ¶¶ 2-3, 7, 9, 13. Plaintiff's Products have enjoyed enormous success, which has led to significant infringement of Plaintiff's trademark rights and copyrights. This action has been filed by Plaintiff to combat the Defaulting Defendants' infringing activities as Defaulting

Defendants trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed counterfeit and/or infringing products (the "Counterfeit/Infringing Products") using counterfeit and/or infringing versions of Plaintiff's Trademarks and/or using unauthorized and infringing copies or versions of Plaintiff's Copyrighted Material.

To combat such activity, Plaintiff filed this action on November 11, 2025 (Dkt. 1 (redacted) and 6 (unredacted)) and its Amended Complaint (the operative Complaint) on December 12, 2025 (Dkt. 12 (redacted) and 17 (unredacted)). Plaintiff asserts claims for trademark infringement and counterfeiting, false designation of origin, violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), and copyright infringement. Dkt. 17 at ¶¶ 29-59. On May 15, 2026, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("TRO"). Dkt. 30. On May 27, 2026, this Court granted Plaintiff's Motion to Extend the TRO. Dkt. 33. On October 13, 2026, this Court granted Plaintiff's related Motion for Entry of Preliminary Injunction. Dkt. 42.

Pursuant to Federal Rule of Civil Procedure 55(a) and 55(b)(2), Plaintiff now moves this Court for an Order entering Default and Default Judgment and finding Defaulting Defendants liable on Counts I (federal trademark infringement and counterfeiting), II (federal false designation of origin), III (violation of the IUDTPA), and IV (copyright infringement). Plaintiff seeks an award of statutory damages in the amount of $250,000 as authorized by 15 U.S.C. § 1117(c)(2) for Defaulting Defendants' willful infringement and/or counterfeiting of Plaintiff's Trademarks. Plaintiff further seeks an award of statutory damages in the amount of $150,000 per infringed work pursuant to 17 U.S.C. § 504(c) for Defaulting Defendants' willful infringement of Plaintiff's Copyrighted Material. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling their Counterfeit/Infringing Products and from using Plaintiff's

Trademarks and/or Copyrighted Material; and requiring that all assets in Defaulting Defendants' financial accounts operated by AliExpress, eBay, LianLian, Payoneer, PayPal, Stripe, Temu, and Walmart, as well as any newly discovered assets, be transferred to Plaintiff, up to the amount of relief awarded by the Court. Plaintiff is also entitled to an award of punitive damages under the IUDTPA for Defaulting Defendants' intentionally deceptive misconduct. Plaintiff does not request entry of a separate punitive damages award but contends that Plaintiff's entitlement to such damages further supports the statutory damages awards requested herein.

## ARGUMENT

### I. JURISDICTION AND VENUE ARE PROPER IN THIS COURT.

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Copyright Act, 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target business activities toward consumers in the United States, including Illinois, and causes harm to Plaintiff's business within this Judicial District. *See* Dkt. 17 at ¶¶ 1, 2; *uBID, Inc. v. GoDaddy Grp., Inc.,* 623 F.3d 421, 423-24 (7th Cir. 2010) (plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least fully interactive commercial Internet website and online marketplace account, Defaulting Defendants have targeted sales from Illinois residents by operating websites and online marketplace accounts that offer shipping to the United States, including Illinois, and have sold Counterfeit/Infringing Products to residents within the United States, including Illinois.

Dkt. 17 at ¶¶ 2, 15-16. Thus, personal jurisdiction is proper because Defaulting Defendants are committing tortious acts in the United States, including Illinois specifically, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of Illinois. *Id.*; *see Entertainment One UKLtd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 19-cv-00788 (N.D. Ill. Apr. 23, 2019); *Levi Strauss & Co. v. 932HK-5Z4WQX, et al.*, No. 19-cv-00281 (N.D. Ill. Apr. 2, 2019).

## II. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT.

### A. Entry of Default is Required Here.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On December 10, 2025, Plaintiff filed its Amended Complaint (Dkt. 12 (redacted) and 17 (unredacted)) asserting claims for federal trademark infringement and counterfeiting, 15 U.S.C. § 1114 (Count I), federal false designation of origin (Count II), violation of the IUDTPA (Count III), and federal copyright infringement (Count IV). Dkt. 17, ¶¶ 29-59. Defaulting Defendants were properly served on June 3, 2026. Dkt. 38. Despite having been served with process, the Defaulting Defendants have failed to plead or otherwise defend this action.[1] Accordingly, Plaintiff asks for entry of default against the Defaulting Defendants.

### B. Entry of Default Judgment is Required Here.

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497

[1] Upon information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces.

(7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

The deadline by which Defaulting Defendants were required to serve their responsive pleadings has passed and no answer or other responsive pleadings have been filed by the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate. Further, Plaintiff requests awards of: (i) statutory damages against the Defaulting Defendants for counterfeiting as authorized by 15 U.S.C § 1117(c)(2) for use of counterfeits of Plaintiff's Trademarks; and (ii) statutory damages against the Defaulting Defendants for copyright infringement as authorized by 17 U.S.C § 504 for use of Plaintiff's Copyrighted Material; both such uses having been in connection with Defaulting Defendants' sale of products through the Defaulting Defendants' Internet Stores. Plaintiff also seeks entry of a permanent injunction ordering, *inter alia*: (i) that Defaulting Defendants be prohibited from selling Counterfeit/Infringing Products and from reproducing, publicly displaying, or otherwise infringing Plaintiff's copyrights in the Copyrighted Material; and (ii) that all assets in Defaulting Defendants' financial accounts operated by AliExpress, eBay, LianLian, Payoneer, PayPal, Stripe, Temu, and Walmart, and any newly identified accounts, be transferred to Plaintiff up to the amount of the total relief awarded by the Court to Plaintiff.

**C. Plaintiff is Entitled to Judgment as a Matter of Law on its Trademark Infringement and Counterfeiting, False Designation of Origin, and IUDTPA Claims.**

The elements of a trademark infringement claim under the federal Lanham Act, a claim for false designation of origin under Section 43(a) of the Lanham Act, and a claim under the IUDTPA,

815 ILCS §§ 510/1 *et seq.* are the same. *Manley v. Boat/U.S., Inc.*, 75 F. Supp. 3d 848, 852 (N.D. Ill. 2014). The elements required to establish each are as follows: (1) ownership of a protectable trademark; and (2) defendant's use of its mark is likely to cause confusion among consumers as to the source of the goods/services in connection with which it is used. *Manley*, 75 F. Supp. 3d at 852.

Here, Plaintiff has alleged in its Amended Complaint that Plaintiff's Trademarks are distinctive, that Defaulting Defendants had knowledge of Plaintiff's rights in Plaintiff's Trademarks, that Defaulting Defendants are not authorized to use Plaintiff's Trademarks, and that Defaulting Defendants' use of Plaintiff's Trademarks are likely to cause consumer confusion. Dkt. 17 at ¶¶ 9-14, 26-27, 29-31, 36-37, 41. Upon entry of default, these allegations set forth in Plaintiff's Complaint must be accepted as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment against Defaulting Defendants with respect to Counts I, II, and III of Plaintiff's Amended Complaint.

### D. Plaintiff is entitled to Judgment as a Matter of Law on its Copyright Infringement Claim.

Copyright infringement requires proof of "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Janky v. Lake Cnty. Convention & Visitors Bureau*, 576 F.3d 356, 361 (7th Cir. 2009) (internal citation omitted). "Because direct evidence of copying often is unavailable, copying may be inferred where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." *Atari, Inc. v. N. Am. Philips Consumer Elec. Corp.*, 672 F.2d 607, 614, superseded on other grounds 722 F.3d 1089 (7th Cir. 1982). In determining whether works are substantially similar, the Court must consider "whether the accused work is so similar to the plaintiff's work that an ordinary

reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value." *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 509 (7th Cir. 1994); *see also Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2007) ("[W]hether the copying, if proven, went so far as to constitute an improper appropriation ... leads us to the 'ordinary observer' test." (internal quotation omitted)).

Here, Plaintiff has alleged that it owns valid copyrights in marketing materials used to promote Plaintiff's Products. Dkt. 17 at ¶ 2, 12-14, 46-48. Plaintiff has alleged that Defaulting Defendants have copied Plaintiff's Copyrighted Material without authorization. Dkt. 17 at ¶¶ 2, 13-14, 26-27, 49-55. Upon entry of default, the above-referenced allegations must be accepted as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch*, 582 F. Supp. 2d at 1004. Accordingly, Plaintiff requests entry of judgment against Defaulting Defendants with respect to Count IV of its Amended Complaint.

## III. PLAINTIFF IS ENTITLED TO MONETARY DAMAGES AND INJUNCTIVE RELIEF.

Awarding statutory damages serves dual interests because it's remedial in nature and also safeguards the important public interest of consumer protection. Given the broad economic losses and harm to the job market caused by counterfeiting, coupled with dangers to consumers who are tricked into purchasing counterfeited products, it's important to both penalize counterfeiters and deter future violations.

### A. Statutory Damages for Trademark Counterfeiting and Willful Copyright Infringement are Appropriate in this Case.

For both trademark counterfeiting and copyright infringement, the awarding of statutory damages is intended to serve interests of compensation, deterrence, and punishment. *See Deckers*

*Outdoor Corp. v. Australian Leather Pty. Ltd.*, No. 16 C 3676, 2020 WL 4723980, at *4 (N.D. Ill. July 13, 2020). Pursuant to the statutory damages provision of the Lanham Act, 15 U.S.C. § 1117(c), a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, 15 U.S.C. § 1117(c)(2) provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." *Id.* at § (c)(2).

Pursuant to the statutory damages provision of the Copyright Act, 17 U.S.C. §504(c), a plaintiff in a copyright infringement case may elect to receive statutory damages in an amount, per copyrighted work infringed, of "not less than $750 or more than $30,000 as the court deems just." 17 U.S.C. § 504(c)(1). Where the infringement is determined to have been willful, the copyright owner may be entitled to a statutory damages award of up to $150,000 per copyrighted work infringed. *Id.*

**B. Defaulting Defendant Has Committed Willful Trademark Counterfeiting and Willful Copyright Infringement Here.**

Plaintiff's Amended Complaint alleged that Defaulting Defendants' counterfeiting/infringement of Plaintiff's Trademarks and Copyrighted Material has been willful. Dkt. 17 at ¶¶ 32-33, 38, 42, 55. Upon entry of default, the above-referenced allegations must be accepted as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch*, 582 F. Supp. 2d at 1004. Accordingly, Defaulting Defendants have engaged in willful counterfeiting of Plaintiff's Trademarks and willful infringement of Plaintiff's Copyrighted Material.

"[A] finding of willfulness is justified if the infringer knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right."

*Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994) (internal quotations omitted). As such, knowledge need not be proven directly, but can be inferred from a defendant's conduct. *Lorillard Tobacco Co. v. S & M Cent. Serv. Corp*., 2004 LEXIS 22563, *20 (N.D. Ill. Feb. 25, 2005).

Here, Defaulting Defendants had knowledge that their activities constituted counterfeiting/infringement or at least a reckless disregard for Plaintiff's rights in Plaintiff's Trademarks and Copyrighted Material, especially when viewed in light of the nature of Plaintiff's marketing and sales activities. As alleged in Plaintiff's Amended Complaint, Defaulting Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be an authorized online retailer, outlet store, or wholesaler selling genuine Plaintiff's Products. Dkt. 17 at ¶¶ 16-28. Further, this Court has deemed counterfeiting willful when defendants default. *See Entertainment One UK Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 19-cv-00788 (N.D. Ill. Apr. 23, 2019); *Levi Strauss & Co. v. 932HK5Z4WQX, et al.*, No. 19-cv-00281 (N.D. Ill. Apr. 2, 2019).

### C. Plaintiff is Entitled to Significant Statutory Damages Under the Circumstances Here.

This Court has counseled as follows with respect to judicial determination of an appropriate statutory damages amount:

> The Lanham Act advises that the amount of statutory damages should be as the court considers just. Courts analogize case law applying 17 U.S.C. § 504(b), the statutory damages scheme for copyright infringement, to determine trademark infringement damages. In *Chi-Boy Music*, the Seventh Circuit held that courts enjoy wide discretion in determining statutory damages figures under § 504(b), and are not required to follow any rigid formula. Courts may consider factors such as the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement.

*Entertainment One UK Ltd. v. 2012Shiliang*, 384 F. Supp. 3d 941, 953 (N.D. Ill. 2019) (internal quotations and citations omitted).

Plaintiff respectfully submits that the Court should enter a statutory damages award in its favor in the amount of $250,000 based on Defaulting Defendants' willful trademark counterfeiting/infringement and a statutory damages award in its favor in the amount of $150,000 based on Defaulting Defendants' willful copyright infringement. Plaintiff submits that such amount is particularly reasonable here given that Plaintiff's anticipated default judgment on its IUDTPA claim allows for an award of punitive damages as well. *See Allied Van Lines, Inc. v. iMove, Inc.*, 1:17-cv-8021, 2018 WL 572510, at *6 (N.D. Ill. Jan. 25, 2018) (entering default judgment against infringer of plaintiff's trademark rights and awarding punitive damages in the amount of $100,000 "for Defendant's willful and/or reckless indifference to Allied's trademark rights in accordance with the Illinois Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, and Illinois common law.").

**1. Defaulting Defendants have engaged in deceptive and unethical business practices that support a high statutory damages award here.**

The tactics that Defaulting Defendants have used in their efforts to unfairly capitalize on the goodwill that Plaintiff has established in the marketplace further supports a high statutory damages award here. As indicated above, Defaulting Defendants facilitate sales by designing the product listing of the infringing products so that they appear to be selling genuine versions of Plaintiff's Products. Dkt. 17 at ¶¶ 16-28.

**2. Defaulting Defendants' use of on-line means to effectuate their widespread counterfeiting makes a high statutory damages award appropriate here.**

Courts have routinely held that high statutory damages awards are particularly appropriate where the counterfeiting occurred through the Internet given the wide market exposure that the

Internet provides. *See Coach, Inc. v. Ocean Point Gifts*, 1:09-cv-4215, 2010 U.S. Dist. LEXIS 59003, *15-16 (D.N.J. Jun. 14, 2010) (noting that high damages awards in counterfeiting cases involving use of the Internet are particularly appropriate given "the wide market exposure that the Internet can provide"); *Burberry Ltd. v. Designers Imports, Inc.*, 07 Civ. 3997 (PAC), 2010 U.S. Dist. LEXIS 3605, *28-29 (S.D.N.Y. Jan. 19, 2010) (statutory damages award determined, in part, based on "Defendant's ability to reach a vast customer base through internet advertising"). Indeed, in cases similar to the present case involving widespread counterfeiting taking place through sales on the Internet, this Court has seen fit to enter statutory damages awards at the maximum level or other very high levels. *See, e.g., Burberry Limited, et al. v. The Partnerships, et al.*, No. 1:14-cv08220 (N.D. Ill. Dec. 11, 2014) (unpublished) (Dkt. 44, 45) (awarding $2,000,000 in statutory damages per defendant); *Oakley, Inc. v. The Partnerships, et al.*, No. 1:13-cv-02958 (N.D. Ill. June 17, 2013) (unpublished) (Dkt. 36, 37) (awarding $2,000,000 in statutory damages per defendant); *Luxottica Group S.p.A. v. Zhou Zhi Wei*, Case No. 17-cv-5691, 2017 WL 6994587, at *4 (N.D. Ill. Sep. 12, 2017) (awarding statutory damages in the amount of $1,000,000 per defaulting defendant); *NBA Properties, Inc. v. Zhou Yan*, Case No. 17-cv-2748, 2017 WL 6994585, at *3 (N.D. Ill. May 23, 2017) (awarding statutory damages in the amount of $1,000,000 per defaulting defendant). Here too, the statutory damages award should be enhanced given that Defaulting Defendants' counterfeiting/infringement has taken place through the Internet and has had a pervasive impact on the market for Plaintiff's Products.

**3. Defaulting Defendants' decision to ignore this action makes a high statutory damages award appropriate here.**

An additional consideration supporting a high statutory damages award here is that Defaulting Defendants deliberately chose not to defend this action. *See Light v. Zhangyali*, No. 15 CV 5918, 2016 WL 4429758, at *4 (N.D. Ill. Aug. 22, 2016). Defaulting Defendants were made

aware of the pendency of this action against it through electronic service as authorized by the Court. However, none of the Defaulting Defendants ever filed an appearance or defended the action. Where a defendant knowingly fails to oppose an action asserted against it, this likewise supports a finding of willfulness and, therefore, increasing the statutory damages award. *Energizer Brands, LLC v. Camelion Battery Co.*, No. 16 CV 4368, 2017 WL 6813689, at *2 (N.D. Ill. Oct. 10, 2017).

**D. Plaintiff is Entitled to Permanent Injunctive Relief.**

Plaintiff further requests entry of a permanent injunction enjoining Defaulting Defendants from infringing Plaintiff's rights in Plaintiff's Trademarks and in Plaintiff's Copyrighted Material. Plaintiff further requests that any Permanent Injunction entered by the Court order that Defaulting Defendants' assets that are currently restrained are transferred to Plaintiff up to the amount of monetary relief granted by this Court. Plaintiff also requests that any Permanent Injunction entered by the Court require transfer to Plaintiff of all assets owned by Defaulting Defendants that may be discovered in the future, up to the amount of monetary relief that may be awarded to Plaintiff. Such injunctive relief is necessary so that Plaintiff can quickly take action against any new websites and online marketplace accounts that are identified and that are determined to have been linked to and/or to have sold Defaulting Defendants' Counterfeit/Infringing Products. *See Entertainment One UK Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 19-cv-00788, Dkt. 30 (Default Judgment Order) at 5, § 7 (N.D. Ill. Apr. 23, 2019) (ordering that Plaintiff shall have ongoing authority to serve the Order upon financial institutions in the event that new accounts owned by the Defendants are identified, until the full damages award has been satisfied); *Levi Strauss & Co. v. 932HK5Z4WQX, et al.*, No. 19-cv-00281, Dkt. 46 at (Final Judgment Order), at 8-9, § 6 (N.D. Ill. Apr. 2, 2019) (same).

## IV. CONCLUSION.

Plaintiff respectfully requests that the Court enter default and default judgment against Defaulting Defendants and award statutory damages in the amount of $250,000 pursuant to 15 U.S.C. § 1117(c)(2) based on Defaulting Defendants' willful trademark counterfeiting/infringement. Plaintiff further requests that it be awarded statutory damages in the amount of $150,000 pursuant to 17 U.S.C. § 504(c) based on Defaulting Defendants' willful copyright infringement. Plaintiff further requests entry of a permanent injunction enjoining Defaulting Defendants from selling their counterfeit/infringing products, from reproducing, publicly displaying, and otherwise using the Copyrighted Material, and requiring the transfer to Plaintiff of assets in Defaulting Defendants' financial accounts, including, without limitation, Defaulting Defendants' bank accounts and Defaulting Defendants' payment accounts operated by on-line marketplaces up to the amount of any monetary relief ordered by the Court.

Date: November 6, 2026

Respectfully submitted,

/S/BRANDON BEYMER
BRANDON BEYMER (ARDC NO. 6332454)
DALIAH SAPER (ARDC NO. 6283932)
SAPER LAW OFFICES, LLC
505 N. LASALLE, SUITE 350
CHICAGO, ILLINOIS 60654
(312) 527-4100
BRANDON@SAPERLAW.COM
DS@SAPERLAW.COM
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2026, I electronically filed the foregoing with the Court using the CM/ECF system and I will serve Defendants with this Motion and Memorandum through email and electronic publication.

*/s/ Brandon Beymer*
Brandon Beymer